IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CARLTON HOLMAN, #272477, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:11-CV-56-MHT |
| ) | [WO] |
| ) | |
| LEE COUNTY, ALABAMA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Carlton Holman ["Holman"], an indigent inmate, initiated this 42 U.S.C. § 1983 action challenging the medical treatment provided to him for an approximate two-week period during his incarceration at the Lee County Detention Center. The order of procedure entered in this case specifically directed Holman to immediately inform the court of any change in his address. *January 27, 2011 Order - Doc. No. 4 at 5.*

On April 5, 2013, this court issued an order, a copy of which the Clerk mailed to Holman. The postal service returned this order because Holman no longer resided at the address he had last provided to the court. In light of the foregoing, the court entered an order requiring that, on or before April 25, 2013, Holman inform the court of his present address. *April 15, 2013 Order - Doc. No. 39*. The order specifically advised Holman that this case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in a Recommendation that this case be dismissed. *Id*. The court has received no response from Holman to the aforementioned order nor has

he provided the court with his current address as required by the order of procedure.

As is clear from the foregoing, Holman has failed to comply with the directives of the orders entered by this court. In addition, this case cannot properly proceed in his absence. It likewise appears that Holman is no longer interested in the prosecution of this case. The court therefore concludes that this case is due to be dismissed. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file a response in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to comply with the orders of this court and his failure to properly prosecute this action.

It is further

ORDERED that on or before **May 21, 2013**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc*., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 7th day of May, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE